UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Bankruptcy No.: 10-47845

In Re:

Sheila Hoffman,

      Debtor.

Adversary No.: _____

Sheila Hoffman,

      Plaintiff,

  v.

Accounts Management, Inc.,

      Defendant.

### COMPLAINT TO AVOID PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §547(b), 11 U.S.C. §550 and 11 U.S.C. §522(h)

The Debtor hereby files this Complaint to avoid and recover preferential transfers (the Complaint) pursuant to Sections 547(b), 550 and 522(h) of the United States Bankruptcy Code of 11 U.S.C. §101 (the Bankruptcy Code) against Accounts Management, Inc., respectfully and states as follows:

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and §1334.

2.      This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (F).

3.      The venue is proper in this district pursuant to 28 U.S.C. §1409(a).

4.      On October 21, 2010 (the Petition date), the above debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

5.      No objections were filed to the Amended Exemption claims in a timely fashion and all property described in Amended Schedule C is exempt. The garnishment proceeds were declared

exempt in the Amended Schedule C.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER-11 U.S.C. §547(b)

6.      The Plaintiff restates each and every allegation of the Complaint as set forth in Paragraphs 1-5 above.

7.      During the 90 day period immediately preceding the Petition Date, the Defendant caused garnishments and levies on the Plaintiff's assets in the amount of approximately $931.99.

8.      Said transfers were involuntary on the part of the Plaintiff.

9.      The transfers were transfers of interest in property of the Plaintiff/Debtor.

10.     The transfers were transfers to or for the benefit of the Defendant.

11.     At the time of the transfers, the Defendant Accounts Management, Inc. was a creditor of the debtor.

12.     The transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant Accounts Management, Inc.

13.     The transfers were made to the Defendant while the Debtor was insolvent.

14.     The transfers were made on or within 90 days before the Petition date.

15.     The transfer enabled the Defendant to receive more than the Defendant would have received if (a) the case were a case under Chapter 7 of the United States Bankruptcy Code, (b) the transfer had not been made, and (c) the Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

16.     The payment to the Defendant constitutes an avoidable preference within the meaning of Section 547 of the United States Bankruptcy Code.

## COUNT II
## RECOVER OF POTENTIAL TRANSFERS - 11 U.S.C. §550

17.    The Plaintiff restates each and every allegation as set forth herein, the averments of Paragraph 1-16 of this Complaint.

18.    The Defendant was either (i) the initial transferee of the payments or the entity for whose benefit the payments were made; or (ii) the immediate transferee or initial transferee.

19.    The payments, to the extent that they are avoided pursuant to 11 U.S.C. §547, may be recovered by the Plaintiff pursuant to 11 U.S.C. §550 and 522(h), as the Trustee has not attempted to avoid such transfer.

Wherefore, the Debtor hereby seeks entry of judgment against the Defendant (i) requiring the immediate return of $931.99 in accordance with 11 U.S.C. §547(b), 550 and 522(h), (ii) requiring payment of any and all Pre-judgment and post-judgment interests at the highest rate allowable by applicable law; (iii) requiring payment of attorney's fees, expenses and costs; (iv) granting such other and further relief as deemed appropriate under the circumstances.

Dated this 20th day of January, 2011.

FLUEGEL, ANDERSON, MCLAUGHLIN
& BRUTLAG, CHARTERED


/s/ David C. McLaughlin
David C. McLaughlin #127383
25 Northwest 2nd St., Suite 102
Ortonville, MN  56278
(320) 839-2549